NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30293 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-05299-RBL |
| v. | |
| HERBERT D. ZENO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Herbert D. Zeno appeals from the district court's judgment and challenges the 120-month sentence imposed upon remand following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Zeno argues that the district court procedurally erred by failing to justify the sentence, failing to address the 18 U.S.C. § 3553(a) factors sufficiently, and relying on an inflammatory statement made at his first sentencing hearing in rendering its sentencing decision. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Zeno's sentencing arguments and adequately explained its reasons for imposing an upward variance. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the district court's sentencing remarks indicate that it considered the section 3553(a) factors. *See id.* ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."). Finally, nothing in the record suggests that the district court's decision was improperly influenced by its remarks at Zeno's first sentencing hearing, which occurred almost three years before the resentencing hearing at issue here.

Zeno also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Zeno's criminal history, which includes several gun offenses and violent felonies. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-30293